## Case No. 1,458.

In re BLACK et al.

[2 N. B. R. (1874) 171 (Quarto, 65).] [1]

District Court, S. D. New York.

BANKRUPTCY—SUFFERING EXECUTION—PREFER-
ENCE—SHERIFF—POUNDAGE.

Creditors taking out executions against prop-
erty of debtors not having reasonable cause to
believe him insolvent, such executions are
valid. A sheriff is entitled to poundage on a
levy at the time he makes the levy.

[In bankruptcy. In the matter of James
Black and William Secor, involuntary bank-
rupts. Proceedings to determine the validity
of certain executions and levies as against
the assignee in bankruptcy.

[For decree requiring the sheriff to pay
over the fund in his hands, realized on exe-
cution against the bankrupts, to the assignee,
see Case No. 1,457.]

BLATCHFORD, District Judge. This case
comes before the court on testimony taken
by the register, under an order of reference,
on the questions as to whether certain exe-
cutions issued against the bankrupts and the
levies thereunder are valid as against the
assignee in bankruptcy, and whether such
executions are liens entitled to preference in
payment out of certain funds in the hands
of the late sheriff of the city and county of
New York. Within the principles laid down
by this court in its decision in this matter,
made March 10, 1868 (1 N. B. R. 81, Quarto
[In re Black, Case No. 1,457]), in regard
to the execution issued on the judgment re-
covered by Thomas P. Secor against the
bankrupts, there is no room to doubt, on
the evidence, that the levies under the two
executions issued on the two judgments re-
covered by Dean and Caldwell, are void
as against the assignee in bankruptcy. At
the time the executions were issued the
judgments were owned by and had been
assigned to A. Stuart Black, and he caused
the executions to be issued. The facts es-
tablished which makes the levies [void] un-
der these executions are: 1. That the judg-
ment debtors were insolvent when the exe-
cutions were issued. 2. That they suffered
their property to be taken by the sheriff on
these executions with an intent to give a
preference to A. Stuart Black. 3. That A.
Stuart Black had reasonable cause to be-
lieve at the time that the debtors were in-
solvent and that a fraud on the bankruptcy
act was intended. As to the execution on the
judgment, there is not sufficient evidence to
show that the creditors had reasonable cause
to believe that the debtors were insolvent.
The levy under that execution was, there-
fore, not invalid. That execution bound the
property from the time it came to the hands
of the sheriff, and when the prior invalid
levies are set aside it comes into full opera-
tion. I allow the sheriff's bill, as proved, at

eight hundred and fifty-six dollars and forty-
nine cents. On the decisions made by the
state courts, the sheriff is entitled to pound-
age on a levy at the time he makes the levy.
The order disposing of the fund in the hands
of the sheriff, in accordance with this deci-
sion, will be settled on notice to all parties
interested.